UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANDREW U. D. STRAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-723 (UNA) |
| | ) | |
| UNKNOWN CLERK OFFICER(S) OF | ) | |
| THE SECOND CIRCUIT | ) | |
| U.S. OF APPEALS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case under 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a case upon a determination that the complaint seeks monetary relief from an immune defendant).

Plaintiff, a resident of Washington, D.C., has sued "unknown Second Circuit Clerk office staff member or members who violated [his] rights." Compl. at 4. He seeks "to obtain justice for unlawful non-merits dismissal" of two appeals, *id*. at 1, while stressing that "[n]o 2nd Circuit judge was involved[,]" *id*. at 2. Instead, Plaintiff blames "rogue clerk officers" who allegedly "failed to enter [his] legitimate filings when [he] emailed them to the *pro se* email address." *Id*. Further, when Plaintiff "tried to challenge the unlawful dismissal," he "simply was shut out." *Id*. Claiming violations of the First and Fifth amendments, Plaintiff seeks $1 million in damages. *Id*. at 13-14.

Court staff, "like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Roth v. King*, 449 F.3d 1272, 1287 (D.C. Cir. 2006) ("It is well established that

judicial immunity 'extends to other officers of government whose duties are related to the judicial process.'") (quoting *Barr v. Matteo*, 360 U.S. 564, 569 (1959)); *Hester v. Dickerson*, 576 F. Supp. 2d 60, 62 (D.D.C. 2008) (absolute judicial immunity extends to clerks of the court) (citations omitted)).  Without immunity for judicial staff performing work related tasks, "courts would face the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly would vent their wrath on clerks, court reporters, and other judicial adjuncts." *Sindram*, 986 F.2d at 1461 (citations omitted); *see also Reddy v. O'Connor*, 520 F. Supp. 2d 124, 130 (D.D.C. 2007) (holding that a "deputy clerk's alleged refusal to file documents [the] plaintiff submitted" was an action "quintessentially 'judicial' in nature because [it was] an integral part of the judicial process.").

Plaintiff's apparent dissatisfaction with the staff members' "demand[s]" regarding his submissions to their court, *see* Compl. at 2, 8-10, does not defeat their immunity from suit.  *See Panko v. Rodak*, 606 F.2d 168, 171 (7th Cir. 1979) (Clerk Office employees "enforcing the Court's Rules . . . and executing the Court's directives regarding the docketing of cases . . . are entitled to judicial immunity from damage liability for their actions") (citations omitted)).  Thus, this case will be dismissed by separate order.

|  |  |
|---|---|
| | _____ |
| | TREVOR N. McFADDEN |
| Date: May 27, 2022 | United States District Judge |